IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 7:17-CR-0036 |
| ) | |
| ) | By: Michael F. Urbanski |
| ADRIAN CARLOS FARRIS, ) | Chief United States District Judge |
| Defendant-Petitioner  ) | |

## MEMORANDUM OPINION

Petitioner Farris has filed multiple letters asserting that the federal Bureau of Prisons ("BOP") is incorrectly calculating his sentence and that he is not receiving credit toward his federal sentence for time he spent in state court custody prior to his federal arrest. ECF Nos. 627, 630, 631, 633, 634, 635.[1] Having reviewed his requests, the court has determined that Farris should have sought relief via a 28 U.S.C. § 2241 petition filed in the district where he is confined. Accordingly, the court will construe the letters collectively as a request for relief under § 2241, direct the Clerk of Court to docket the letters as a § 2241 petition in this court, and transfer the action to the United States District Court for the District of Maryland for adjudication.

Farris also has filed a petition for writ of mandamus. ECF No. 650. However, this court cannot grant mandamus relief against itself. Kelly v. United States No. 1:14-cv-19369, 2016 WL 8193611, at *4 (S.D.W.V. October 14, 2016). In addition, because the court is transferring Farris' case to the District of Maryland, the writ of mandamus should be considered moot.

---

[1] Although all the filings are in letter format, the court docketed the first of them, ECF No. 627, as a motion.

I.

On January 16, 2018, Farris entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure in which he pled guilty to Count 1 of an indictment charging him with conspiring to distribute oxycodone. ECF Nos. 312, 313, 315. A sentencing hearing was held on July 2, 2018. Farris was present in federal court on a writ from Maryland state custody, and it was expected that after the federal sentencing he would be transferred back to state custody to finish serving a previously-imposed state court term. Sent. Hr'g Tr., ECF No. 622, at 36, 43.

At sentencing, Farris was found to be a career offender because of prior state court convictions for controlled substance offenses, his total offense level was calculated at 29 and criminal history category at VI. His advisory sentencing guideline range was calculated at 151 to 188 months. Id. at 20.

Following computation of the guidelines range, the court raised a number of questions for counsel to address, including whether some of Farris's federal sentence should be run concurrent to the previously imposed state sentence and how much credit he should get for state time served. The court stated:

> So it looks like to me Mr. Farris is serving an active state sentence of ten years, and then he gets five years of state probation after that for that charge, and then he's got five years of probation for the other two.
>
> And I'm trying to understand, given that the offense conduct for the sentence for which he received . . . ten years, was two and half years or more before the offense conduct in this case, why the

2

> Court should consider running it concurrent. It just seems to me that they're totally different offenses, they're totally different years. I don't know why I should run this concurrent with the earlier one. But I want to hear argument on that.
>
> And then I also need to hear argument why he should get credit for time served of, I think, 260 days, and I'm trying to figure out why that applies in this case as well.
>
> Let's hear first from the government both as to the 5K and then as to what sentence the government believes is appropriate in this case. And then I do want you to talk about . . . what I should do about these state convictions and whether I should run it concurrent, consecutive, or – and whether he should get any credit for time served, because I have some questions about that.

Id. at 22-23.

After presentation of evidence, the government argued that Farris should receive a downward departure, pursuant to United States Sentencing Guidelines ("USSG") § 5K1.1, to a sentence of 114 months, with credit for time served to the date of his federal arrest, June 28, 2017. The government did not view the conviction for the active Maryland sentence Farris was serving for oxycodone distribution to be relevant conduct to the federal offense of conviction. That is because Farris had been arrested on that Maryland state charge on September 1, 2012, nearly three years before the 2015 conduct giving rise to his federal conviction in this case.[2]

---

[2] Neither probation nor Farris's counsel considered the Maryland oxycodone distribution following his September 1, 2012 arrest to be relevant conduct to the conspiracy conviction in this case. See Presentence Report ("PSR"), ECF No. 523, at ¶ 341; Sent. Hr'g Tr., ECF No. 622, at 42. Complicating matters at his federal sentencing was the fact that Farris was arrested again in Maryland on May 26, 2015 for possession with the intent to distribute oxycodone. At his February 29, 2016 state sentencing for this offense, Farris was sentenced to 20 years in custody, all suspended, and received credit for 260 days of time served. Farris was placed on supervised probation for five years. See Charles County Circuit Court Criminal Daily Sheet, ECF No. 520-1, at 4-5; PSR, ECF No. 523, at ¶ 343. Probation considered the Maryland conviction reflected in ¶ 343 to be relevant

Farris argued for a sentence of 48 months, with some or all of that to run concurrent to his ongoing Maryland sentence. Sent. Hr'g Tr., ECF No. 622, at 41. At sentencing, Farris's counsel argued for credit for time served back to June 11, 2015, as follows:

> This is a case where Mr. Farris has numerous prior convictions; the vast majority of them are for marijuana. The oxycodone addiction is a more recent drug problem for him. And in those, I think he has two convictions, one of which is relevant conduct to this offense.
>
> Although he did receive a suspended sentence on the relevant conduct offense, the suspended sentence is running concurrently to the active sentence he is serving. So it's obvious that at this moment the Court in Maryland envisioned Mr. Farris serving an active sentence to satisfy a fairly significant portion of his suspended sentence. Does that make sense?
>
> The Court said 260 days credit for time served. My calculation of that is June 11th, 2015. That's 260 days before February 29th, 2016. So that's the vision of the Maryland court, that he serves this 20-year sentence concurrently with the active sentence he is serving in Maryland, credit beginning June 11th, 2015.

Id. at 37-38. During his allocution, Farris echoed what his counsel argued for concerning credit for time served. He stated:

> I would just like to piggyback on what Ms. Derrico said. Basically, it was – the May 26th, 2015, case was ran concurrent due to the fact that I was pretty much already serving a ten-year sentence. And they added ten years to serve consecutively, but it kind of – you know, due to some cooperation and things like that, they kind of, you know, changed the plea agreement. But it is relevant to this instant offense.

---

conduct to the oxycodone conspiracy charged in the federal indictment as Farris's arrest in Maryland occurred shortly after he travelled to the Western District of Virginia and obtained oxycodone by having fraudulent prescriptions filled. As regards the conviction at ¶ 343, the PSR stated "[t]his conviction does not earn any criminal history points as it is considered relevant conduct pursuant to USSG § 1B1.3." Id.

4

Id. at 44.

Taking all of these arguments into consideration, the court varied downwards to a sentence of 96 months. The court expressly recognized that Farris had the Maryland conviction for which he was "going to serve ten years. And you've started on that, and you've got some more to go." Id. at 46. Factoring in the ongoing ten-year state sentence, the court concluded:

> Of that 96 months, I'm going to designate the state facility for 60 of those months. Therefore, you will have an active federal sentence, after you complete the state sentence, of 36 months. And I give that 36-month sentence because there weren't repeated trips as there were in an number of these other cases. And because there aren't repeated trips as there were in these other cases, I think the 36 months of an active federal sentence is sufficient but not greater than necessary.
>
> \*     \*     \*
>
> So taking into account all of these arguments raised by the government and the defendant, taking into account his criminal history, his role in the offense, his 5K, the requirements of 5G1.3, I think a 96-month sentence is sufficient but not greater than necessary, 60 of which is concurrent, and I designate the state facility for him to run – to serve that. 36 to run consecutive. That's an additional three years because there needs to be a penalty for the crime in this case. And so I find it to be sufficient but not greater than necessary.

Id. at 49-51.

The judgment entered in Farris' case on July 17, 2018 reflected that he was to serve 96 months with 60 months to be served in the state facility, with the effect that the 60 months would run concurrently with his state sentence out of the Charles County Circuit Court in La

5

Plata, Maryland (Dkt. No. 08K12000831), and the remaining 36 months would run consecutively to the state sentence. J., ECF No. 539, at 2. Farris did not file an appeal.

Contrary to the court's expectation at the time of sentencing, Farris did not have the better part of ten years to serve on his state sentence. Instead, Farris was paroled by Maryland three months later, on October 10, 2018. See ECF Nos. 617, 630, 632-1. Farris says he was released by Maryland to authorities in Virginia pursuant to a warrant issued out of Alexandria and served six months there. See Letter, ECF No. 630; see also PSR, ECF No. 523, ¶ 340 (reflecting Alexandria conviction and outstanding warrant for probation violation). As no federal detainer had been filed, Farris was released from Alexandria to the street in March 2019. After conferring with his federal probation officer, Farris self-reported to the United States Marshal on May 9, 2019, and is presently incarcerated at FCI Cumberland in Maryland.

Beginning in September 2019 Farris has written the court a series of letters asking the court to give him credit for time served in Maryland state custody. See Letter, ECF No. 621. The court ordered a transcript of the sentencing hearing, which was docketed on November 20, 2019. ECF No. 622. Farris's letter dated March 31, 2020, was docketed as a Motion to Reduce Sentence on April 6, 2020. In that letter, Farris asked "for presentence jail credits from June 28, 2017 when I was transported via writ from state custody, until July 2, 2018, when I received my federal sentence." Letter, ECF No. 624, at 1.

By Order entered April 17, 2020, the court construed Farris's letter as a motion under Rule 36 of the Federal Rules of Criminal Procedure to correct a clerical error. Noting that by oversight or omission the judgment in this case did not reflect that "Farris was entitled to

credit toward his federal sentence from June 28, 2017," Order, ECF No. 626, at 4, the court corrected "Farris's judgment to include the instruction that his federal sentence be credited with the time he spent in custody from June 28, 2017 until he was sentenced on July 2, 2018." Id. The BOP has implemented the jail credit reflected in this order. See Sentence Monitoring Computation Data, ECF No. 632-1.

On April 8, 2020, Farris again wrote the court asking for additional jail credit for time served back to May 26, 2015, the date of his arrest on the Maryland state charge reflected at ¶ 343 of the PSR. The court docketed this letter on May 1, 2020, as a Motion to Reduce Sentence. ECF No. 627. Farris wrote additional letters seeking similar relief which have been docketed at ECF Nos. 630, 631, 633, 634 and 635. The court ordered the government to respond, and it did so on June 16, 2020, arguing that Farris's letters should be construed as habeas petition under 28 U.S.C. § 2241, and that the court does not have jurisdiction to consider the motion as Farris is not housed in this district. The court has considered Farris's motion, subsequent letters, and the government's response.

## II.

As a general matter, a federal prisoner must challenge the execution of his sentence under 28 U.S.C. § 2241. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015); In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Challenges to the execution of a sentence include challenges to the computation of good time or jail credits. Washington v. Gomez, No. 3:19-cv-124, 2020 WL 2297022, at *2 (N.D.W.V. April 13, 2020). Motions brought pursuant to 28 U.S.C. § 2241 are filed in the district where the prisoner is incarcerated. Rumsfeld v. Padilla,

542 U.S. 426, 442-43 (2004); Washington, 2020 WL 2297022, at *2. Federal prisoners must exhaust administrative remedies prior to filing a § 2241 petition. Id.

Because Farris is asserting that the BOP is not administering his sentence in accordance with the judgment in his case, he is challenging the execution of his sentence and must pursue relief via a § 2241 petition. And because he is incarcerated at the Federal Correctional Institution in Cumberland, Maryland, he must seek relief in the District Court in Maryland.

While the court could deny Farris' request so that he could file it in the proper court, it would be time-consuming for him and would require him to refile pleadings he has filed in this case. Accordingly, the court finds that it is in the interests of justice to transfer this action to the United States District Court for the District of Maryland. See Stern v. Federal Bureau of Prisons, 601 F.Supp.2d 303, 306-07 (D.D.C. 2009) (transferring a § 2241 petition to court in district where petitioner was incarcerated because dismissing it so that petitioner could refile in proper court would be time-consuming and potentially costly for him) (citing Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962) and Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 517 (4th Cir. 1955)).[3]

In accordance with the foregoing, the court will **DIRECT** the Clerk of Court to refile ECF Nos. 627, 630, 631, 633, 634, and 635 collectively as a § 2241 petition in this court and

---

[3] The court notes that the government, in its response to Farris' motion, stated that he exhausted his administrative remedies through the BOP. ECF No. 632 at 3. Documents related to exhaustion are not included in the record.

8

**TRANSFER** the petition to the District Court in Maryland. The court will further **DIRECT** the Clerk to **TERMINATE** the writ of mandamus for the reasons stated above.[4]

An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 26, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.26 10:45:02
-05'00'

Michael F. Urbanski
Chief United States District Judge

---

[4] Farris also has filed a motion for compassionate release under the First Step Act, to which the government has responded. ECF Nos. 637, 646. The court has jurisdiction to hear this claim and will retain it for adjudication.